1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  HENRY HARAWAY,                    )    NO.  CV 13-0628 FMO (MRWx)
                                       )
12              Plaintiff,             )
                                       )
13       v.                            )    **ORDER**
                                       )
14  E! ENTERTAINMENT TELEVISION, et    )
    al.,                               )
15                                     )
                Defendants.            )
16  _____ )

17       On August 14, 2013, defendant Big Red 2 Entertainment LLC, doing business as Nigel

18  Lythgoe Productions ("NLP" or "defendant") filed a Motion to Dismiss First Cause of Action of

19  Plaintiff's First Amended Complaint for Copyright Infringement Pursuant to FRCP 12(b)(6)

20  ("Motion"). The Motion is set for oral argument on September 12, 2013.  The September 12, 2013,

21  hearing date required plaintiff Henry Haraway ("plaintiff") to file his Opposition to the Motion no

22  later than August 22, 2013.  See Local Rule 7-9.  However, to date, plaintiff has not filed any

23  opposition to NLP's Motion.  Accordingly, the court will vacate the hearing date and grant NLP's

24  Motion. See Local Rule 7-12.

25       Based on the foregoing, IT IS ORDERED THAT:

26       1.   The hearing set for September 12, 2013, is hereby **vacated**.

27       2.   NLP's Motion to Dismiss First Cause of Action of Plaintiff's First Amended

28  Complaint for Copyright Infringement Pursuant to FRCP 12(b)(6) **(Document No. 36)** is **granted**.

3.     The first cause of action set forth in plaintiff's First Amended Complaint is dismissed without prejudice.

4.     If plaintiff still wishes to pursue this cause of action, he is granted until **September 6, 2013**, to file a Second Amended Complaint[1] attempting to cure, to the extent he believes is warranted by existing law, the alleged defects outlined in defendant's Motion.

5.     The Second Amended Complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 13-0628 FMO (MRWx).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his Second Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

6.     Plaintiff is cautioned that failure to timely file a Second Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

7.     Defendants shall file their Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **September 20, 2013**.

8.     In the event any defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **September 13, 2013, at 10:00 a.m.**[2] meet and confer to discuss defendant's motion to dismiss.  Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e.,

---

[1]  Although defendant only seeks dismissal of the first cause of action, plaintiff should file a complete Second Amended Complaint that incorporates all the allegations from the First Amended Complaint so that the Second Amended Complaint becomes the operative complaint.

[2]  Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.

when and where it took place, how long it lasted and the position of each attorney with respect to

each disputed issue that will be the subject of the motion).  Failure to include such a declaration

will result in the motion being denied.

Dated this 23rd day of August, 2013.

                                                                    /s/
                                                            Fernando M. Olguin
                                                        United States District Judge